

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

EJK:LAL  
F.#2012R01010

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 7, 2012

<u>By Email and ECF</u>

Len Kamdang, Esq.
Federal Defenders of New York
1 Pierrepont Plaza
16th floor
Brooklyn, New York 11201

      Re:  <u>United States v. Jean Carlos Tavarez</u>
           <u>Criminal Docket No. 12-473 (JBW)</u>

Dear Mr. Kamdang:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery in the above-referenced matter. The government also requests reciprocal discovery.

1.    <u>Statements of the Defendant</u>

      Enclosed with this letter are the following statements made by the defendant, bearing Bates numbers 000000001 to 000000010: redacted excerpts from a Customs and Border Patrol "Search Arrest Seizure Report" memorializing defendant's post-arrest statements; a redacted Customs and Border Protection ("CBP") form titled "Inventory of Passenger's Personal Property" signed by the defendant; a redacted X-ray Consent form signed by the defendant; a redacted Declaration of Rights form signed by the defendant; and redacted excerpts from a Department of Homeland Security Investigations Report of Investigation memorializing defendant's post-<u>Miranda</u> statements.

2.    <u>Prior Criminal History</u>

      At this time, the government is unaware of any prior criminal history of the defendant.

3.    <u>Documents and Tangible Objects</u>

2

Enclosed with this letter are copies of documents and items obtained from the defendant at the time of his arrest, bearing Bates numbers 000000011 to 000000019.

You may call me to arrange a mutually convenient time to inspect, copy, and/or photograph the evidence and original documents discoverable under Rule 16, which includes narcotics seized from the defendant.

4. Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

5. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion. At this time, the government anticipates calling an expert who will testify about the type and quantity of narcotics recovered from defendant at the time of his arrest. The government also anticipates presenting expert testimony regarding the value of the seized cocaine. The identity, qualifications and the bases for the conclusions of any testifying expert will be provided to you when they become available.

6. Brady Materials

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

7. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes,

tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely upon at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

If you have any questions or further requests, please do not hesitate to contact me.

                Very truly yours,

                LORETTA E. LYNCH
                United States Attorney
                Eastern District of New York

      By:         /s/
           L. Adriana Lopez
           Special Assistant U.S. Attorney
           (718) 254-6410

Enclosures

CC:  Clerk of Court (w/o enclosures)