FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 28 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JEAN CARLOS TAVAREZ,

Defendant.

12-CR-473

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On February 23, 2013, Jean Carlos Tavarez pleaded guilty to Counts One and Two of a two-count indictment, which charged him with importation of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B)(ii)(II), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). He was sentenced on June 10, 2013 to time served. *See* Statement of Reasons, June 26, 2011, ECF No. 29.

On March 11, 2014, Tavarez pleaded guilty to two charges (Charges Four and Eight) of violating conditions of supervised release. Charge Four alleged that on December 11, 2013, December 18, 2013, and December 26, 2013, the offender failed to "notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer." Charge Eight alleged that June 1, 2013 until the present, the offender "associate[d] with [a] person[] engaged in criminal activity and . . . associate[d] with [a] person convicted of a felony . . . ." The guidelines range for this conduct is 3 to 9 months imprisonment.

Tavarez was sentenced on March 11, 2014 to an additional six months of supervised release.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Defendant has struggled with supervision thus far, but has recently begun living with relatives in the Boston area who are committed to supporting him. He has prospects for employment and will resume his education in the coming months. He also has the support of his girlfriend, with whom he is expecting a child.

Transfer of supervision to Boston is strongly suggested. It is requested that Boston assume supervisory responsibilities, which will be critical for defendant's reintegration and stability in Boston.

SO ORDERED.

_/s/ Jack B. Weinstein_
Jack B. Weinstein
Senior United States District Judge

Dated: March 14, 2014
      Brooklyn, New York